# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-_____-___-___

MISTY KENNEDY,

Plaintiff,

v.

LIFE CARE CENTERS OF AMERICA, d/b/a BRIARWOOD,

Defendant.

---

### PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

---

Plaintiff, Misty Kennedy, by and through her attorney, Ralph Lamar, for this her Complaint, respectfully alleges as follows:

## I.   NATURE OF THE CASE

1.   This employment discrimination and civil rights action is brought against Defendant Life Care Centers of America, d/b/a Briarwood (hereinafter referred to as "Briarwood"), by Plaintiff Misty Kennedy for equitable relief and monetary damages to redress the deprivation of civil rights secured to her by Section 504 of the Rehabilitation Act ("Rehab Act"), 29 U.S.C. § 794 *et seq* and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 2000e *et seq*.

Specifically, she alleges that Defendant refused to provide her with an accommodation for her disability in violation of the ADA and the Rehabilitation Act. She also alleges that Briarwood terminated her employment as a Unit Manager because of her medical condition and/or in retaliation for requesting a reasonable accommodation in violation of the ADA and the Rehabilitation Act. Ms. Kennedy alleges that the Defendant's actions caused her mental distress and humiliation, and loss of employment and compensation. She seeks back pay, reinstatement

1

or front pay, compensatory damages, punitive damages (under the ADA only), and attorneys' fees and costs of this action.

## II.  JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the claims under 28 U.S.C. §§ 1331 and 1343, because they arise under the laws of the United States and said claims are brought to recover damages for the deprivation of Ms. Kennedy's civil rights.

3. Venue is proper in this judicial District under 28 U.S.C. § 1391(b),(c) and 42 U.S.C. § 2000e-5(f)(3), because Defendant has offices, conducts business, and can be found in this District, and the causes of action arose and the acts and omissions complained of occurred herein.

## III.  PARTIES

4. Plaintiff Misty Kennedy is a citizen of the U.S. currently residing in Arvada, CO and is subject to the jurisdiction of this court.

5. Defendant was the employer who terminated plaintiff's employment. At all relevant times during plaintiff's employment by Defendant, it employed more than 14 persons and is therefore subject to the terms of the ADA. Additionally, during all relevant times it received federal funds and/or the department in which plaintiff had worked was a program or activity for which federal funds were received, and therefore Defendant is subject to the provisions of the Rehab Act and is subject to the jurisdiction of this court under that statute. Defendant's offices are located at 1440 Vine Street, Denver, CO. Defendant is therefore subject to the jurisdiction of this court.

## IV.  STATEMENT OF FACTS

7. Plaintiff was hired by Defendant in January 2007 as an LPN in a Restorative

Nurse capacity.

8. Plaintiff suffers from alcoholism.

9. Plaintiff also suffers from anxiety and major depression.

10. Plaintiff was promoted to Unit Manager in 2018.

11. As the Unit Manager Kennedy reported directly to Amy Wells, the Director of Nursing.

12. On or about May 5, 2020, Kennedy complained to Holly Hoyle, the Executive Director, that she was not feeling well and needed to take some time off because her disability was being triggered because of the stress of the COVID-19 pandemic.

13. Hoyle and Kenney had maintained a personal friendship over the previous years and Hoyle was aware of Kennedy's issues with depression, anxiety and alcoholism.

14. Hoyle denied plaintiff's request and threatened her with termination.

15. On May 12, 2020, Plaintiff told Wells, that she was not doing well due to her alcoholism and requested time off.

16. Instead of agreeing to allow her time off plaintiff was denied the requested accommodation and was threatened with termination.

17. On May 18, 2020, plaintiff admitted to Wells that she had relapsed, wasn't doing well because of the COVID-19 stress and needed to take time off, but her request was denied.

18. On May 21, 2020, plaintiff notified Hoyle and Wells in a text that her nursing license was placed in a voluntary cease practice status through the state Peer Assistance program. In a series of texts Kennedy asked for an accommodation.

19. Later that day Kennedy was told in a phone call by a member of HR that she did not need to report to work the following day.

3

20. On May 22, 2020, Kennedy met with Hoyle and again was denied accommodations due to her disability.

21. Later that day Kennedy was told in a phone call with Steven Noran, an HR rep, that she was suspended, pending a decision on her continued employment.

22. On May 27, 2020, Noran called her and told Kennedy that her employment had been terminated.

23. Kennedy's request to continue her employment in some capacity and receive time off due to her disability were again denied.

24. During Kennedy's employment at least one other employee had issues with alcohol and/or illegal drugs, had come to work impaired, and her employment was not terminated.

## COUNT I

## REHABILITATION ACT VIOLATION – FAILURE TO ACCOMMODATE AND TERMINATION ON THE BASIS OF A DISABILITY

25. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 24 as though set forth fully herein.

26. As a result of her alcoholism, anxiety and depression as set forth in this complaint, plaintiff has a "disability" as defined in the ADAAA and the Rehabilitation Act.

27. Plaintiff was able to perform the essential functions of the position she held - Unit Manager - with, or without, a reasonable accommodation, and is therefore a qualified individual with a disability under the Rehabilitation Act.

28. Defendant's refusal to reasonably accommodate plaintiff's disability was a violation of the Rehab Act.

29. Defendant's decision to terminate plaintiff's employment was done solely as a result of Plaintiff's disability.

30. Defendant's termination of plaintiff's employment constituted a violation of the Rehabilitation Act.

31. As a direct result of Defendant's intentional and unlawful actions in violation of the Rehabilitation Act, plaintiff has suffered economic damages, emotional pain and distress, and has sustained a loss of benefits, and interest due thereon.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in her favor:

(a) Awarding lost wages in the form of back pay, including lost fringe benefits;

(b) Awarding compensatory damages;

(c) Ordering reinstatement or, in the alternative, issuing an award of front pay;

(d) Awarding the costs of this action, together with reasonable attorney's fees; and

(e) granting such other relief as the Court deems necessary and appropriate.

## COUNT II

**ADA VIOLATION – FAILURE TO ACCOMMODATE AND TERMINATION ON THE BASIS OF A DISABILITY**

32. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 31 as though set forth fully herein.

33. As a result of her alcoholism, anxiety and depression as set forth in this complaint, plaintiff has a "disability" as defined in the ADAAA.

34. Plaintiff was able to perform the essential functions of the position she held - Unit Manager - with, or without, a reasonable accommodation, and is therefore a qualified

individual with a disability under the ADAAA.

35. Defendant's refusal to reasonably accommodate plaintiff's disability was a violation of the ADAAA.

36. Defendant's decision to terminate plaintiff's employment was done because of Plaintiff's disability.

37. Defendant's termination of plaintiff's employment constituted a violation of the ADAAA.

38. As a direct result of Defendant's intentional and unlawful actions in violation of the ADA, plaintiff has suffered economic damages, emotional pain and distress, and has sustained a loss of benefits, and interest due thereon.

39. Defendant's actions as described above were taken with malice and/or reckless indifference to plaintiff's federally protected civil rights under the ADAAA, and plaintiff is therefore entitled to receive punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in her favor:

(a) Awarding lost wages in the form of back pay, including lost fringe benefits;

(b) Awarding compensatory damages;

(c) Awarding her punitive damages;

(d) Ordering reinstatement or, in the alternative, issuing an award of front pay;

(e) Awarding the costs of this action, together with reasonable attorney's fees; and

(f) granting such other relief as the Court deems necessary and appropriate.

## COUNT III

## ADA VIOLATION - RETALIATION

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Through her requests for a reasonable accommodation plaintiff engaged in protected activity.

42. Plaintiff's employment was terminated because of her protected activity in violation of the anti-retaliation provisions of the ADA.

43. Plaintiff has been injured by the actions of Defendant which injuries include lost pay and benefits and emotional distress.

44. Defendant's actions as described above were taken with malice and/or reckless indifference to plaintiff's federally protected civil rights under the ADAAA, and plaintiff is therefore entitled to receive punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in her favor:

(a)   Awarding lost wages, including lost fringe benefits;

(b)   Awarding compensatory damages;

(c)   Awarding her punitive damages;

(d)   Order her reinstatement, or in the alternative, award front pay;

(e)   Awarding the costs of this action, together with reasonable attorney's fees; and

(e)   granting such other relief as the Court deems necessary and appropriate.

## COUNT IV

## REHAB ACT VIOLATION - RETALIATION

45. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46. Through her requests for a reasonable accommodation plaintiff engaged in protected activity.

47. Plaintiff's employment was terminated because of her protected activity in violation of the anti-retaliation provisions of the ADA.

48. Plaintiff has been injured by the actions of Defendant which injuries include lost pay and benefits and emotional distress.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in her favor:

(a) Awarding lost wages, including lost fringe benefits;

(b) Awarding compensatory damages;

(c) Order her reinstatement, or in the alternative, award front pay;

(d) Awarding the costs of this action, together with reasonable attorney's fees; and

(e) granting such other relief as the Court deems necessary and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated this 9th day of March, 2021.

                Respectfully submitted,

By: *s/Ralph E. Lamar, Esq.*
     Ralph E. Lamar
     8515 Braun Loop
     Arvada, CO 80005

(303) 345-3600
ralphlamar@ymail.com

Attorney for Plaintiff